MICHAEL L. TRACY, ESQ. (SBN 237779)
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff FRED CRANE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED CRANE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DAVID FLAUM, AN INDIVIDUAL; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: '08 CV 728 BTM CAB<br><br>**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, MINIMUM WAGE VIOLATIONS, AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, FRED CRANE, alleges:

## JURISDICTION

1.  This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S. C. §201 et seq. (FLSA) are alleged.

2.  This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid at least the minimum wage, whether overtime was properly paid, and whether that failure to pay was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

-1-
COMPLAINT FOR LABOR VIOLATIONS

## GENERAL ALLEGATIONS

3. This Court is the proper court and this action is properly filed in the County of San Diego and in this judicial district because Defendants do business in the County of San Diego, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of San Diego is the subject of this action. Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395.

4. The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are residents of California.

5. Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

## PARTIES

6. Plaintiff FRED CRANE ("CRANE") was jointly employed by Defendants from July 7, 2007 through January 21, 2008.

7. Defendant DAVID FLAUM ("FLAUM") is an individual doing business in the County of San Diego, State of California.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE
## (AGAINST FLAUM and DOES 1-5)

8. Plaintiff refers to and incorporates by reference Paragraphs 1 through 7.

9. This cause of action is brought against FLAUM and DOES 1-5, jointly and individually.

10. Pursuant to Cal. Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

11. While employed by Defendants, Plaintiff was not paid at least the minimum wage for all hours worked.

12. Plaintiff was not paid the proper minimum wage by Defendants for at least one pay period within the three (3) years prior to initiating this lawsuit.

13. Defendants know or should know the pay periods in which minimum wage was not paid as well as the amount of underpaid wages.

14. Under California Labor Code, Plaintiff is to recover the minimum wage for all hours worked.

15. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount in excess of $8,489, and subject to proof at time of trial.

16. Pursuant to Labor Code §§218.5, 218.6, 1194, and California Code of Regulations, Title 8, §11050, Plaintiff is entitled to recover damages for the nonpayment of the minimum wage for all hours worked, interest, reasonable attorney's fees and costs of suit.

17. Pursuant to Labor Code §1194.2, Plaintiff is entitled to recover an additional amount equal to the unlawfully unpaid wages as liquidated damages. As such, Plaintiff prays for an additional amount of $8,489.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST FLAUM and DOES 1-5)

18. Plaintiff refers to and incorporates by reference Paragraphs 1 through 17. 18

19. This cause of action is brought against FLAUM and DOES 1-5, jointly and individually.

20. Pursuant to Industrial Welfare Commission Order No. 5-2001, California Code of Regulations, Title 8, §11050, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

21. Plaintiff CRANE worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

22. Plaintiff CRANE was entitled to the above overtime premiums.

23. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

24. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

25. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

26. Plaintiff CRANE worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

27. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

28. As a proximate result of Defendants' violations, Plaintiff CRANE has been damaged in an amount in excess of $23,000 and subject to proof at time of trial.

29. Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of Regulations, Title 8, §11050, Plaintiff CRANE is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

### THIRD CAUSE OF ACTION
### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED
### UNDER LABOR CODE SECTION 226
### (AGAINST FLAUM and DOES 1-5)

30. Plaintiff refers to and incorporates by reference Paragraphs 1 through 29.

31. This cause of action is brought against FLAUM and DOES 1-5, jointly and

individually.

32. Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

33. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

34. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

35. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

36. Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

## (AGAINST FLAUM and DOES 1-5)

37. Plaintiff refers to and incorporates by reference Paragraphs 1 through 36.

38. This cause of action is brought against FLAUM and DOES 1-5, jointly and individually.

39. Plaintiff's employment with Defendants was terminated on January 21, 2008.

40. Defendants willfully refused and continues to refuse to pay Plaintiff CRANE unpaid wages as required by Labor Code §203. Defendants know that the pay is due and are refusing to pay it.

41. Plaintiff CRANE requests damages and penalties as provided by Labor Code §203 in the amount of $1,920, and subject to proof at time of trial.

## FIFTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

## (AGAINST ALL DEFENDANTS)

42. Plaintiff refers to and incorporates by reference Paragraphs 1 through 41.

43. This cause of action is against all Defendants, jointly and individually.

44.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

45.     Plaintiff worked numerous weeks in excess of forty (40) hours.

46.     Plaintiff was entitled to the above overtime premiums.

47.     Defendants failed to compensate Plaintiff for any overtime premiums.

48.     This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

49.     Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

50.     Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

51.     Defendant FLAUM was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

52.     Defendant FLAUM was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

53.     Defendant FLAUM conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

54.     Defendant FLAUM employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed.

55.     DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

56.     Defendants' violations of 29 U.S.C. §207 were willful and intentional.

57.     Plaintiff prays for judgment for overtime pay of $23,000. This amount is subsumed

by the overtime pay claimed in the First Cause of Action.

58. Plaintiff prays for judgment for liquidated damages in the amount of $23,000. This amount is supplemental to the relief requested in all other causes of action.

59. Plaintiff prays for costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

## (AGAINST ALL DEFENDANTS)

60. Plaintiff refers to and incorporates by reference Paragraphs 1 through 59.

61. This cause of action is brought against all Defendants jointly and individually.

62. Pursuant to the Fair Labor Standards Act ("FLSA"), payment of less than the minimum wage is unlawful.

63. Plaintiff was not paid minimum wage for many of the pay periods in which he performed work.

64. Under the FLSA, Plaintiff is to recover compensation for all hours worked but not paid by Defendants.

65. Plaintiff was not paid at least the Federal minimum wage for at least one pay period within the two (2) years prior to initiating this lawsuit.

66. Defendants' failure to pay minimum wage was willful and intentional.

67. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount in excess of $7,000, and subject to proof at time of trial.

68. Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover damages for the nonpayment of the minimum wage for all hours worked, interest, plus reasonable attorney's fees and costs of suit.

69. Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover an additional amount equal to the unlawfully unpaid wages as liquidated damages.

## SEVENTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

## CODE SECTION 17200

## (AGAINST FLAUM and DOES 1-5)

70. Plaintiff refers to and incorporates by reference Paragraphs 1 through 69.

71. This cause of action is brought against FLAUM and DOES 1-5, jointly and individually.

72. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

73. By failing to pay at least the minimum wage, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

74. Plaintiff CRANE prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAY RECORDS

## (AGAINST FLAUM and DOES 1-5)

75. Plaintiff refers to and incorporates by reference Paragraphs 1 through 74.

76. This cause of action is brought against FLAUM and DOES 1-5, jointly and individually.

77. Pursuant to Labor Code §226, employers must provide employees an opportunity to inspect or copy records upon request.

78. Plaintiff requested his pay records in accordance with Labor Code §226 on March 26, 2008.

79. Defendants have failed to provide Plaintiff with an opportunity to inspect or copy her records.

80. Pursuant to Labor Code §226, Plaintiff prays for judgment against Defendants in the amount of $750, costs and attorney fees.

81. Pursuant to Labor Code §226, Plaintiff prays for an injunction requiring Defendants to provide Plaintiff with all pay records under Labor Code §226.

WHEREFORE, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff CRANE in an amount in excess of $23,000 and subject to proof at trial.

2. For liquidated damages in the amount of $23,000 and subject to proof at trial.

3. Damages for minimum wage not paid to Plaintiff CRANE in an amount in excess of $8,489 and subject to proof at trial.

4. Liquidated Damages for minimum wage not paid to Plaintiff CRANE in an amount in excess of $8,489 and subject to proof at trial.

5. For damages and penalties under Labor Code §226 for Plaintiff CRANE in an amount subject to proof at trial.

6. For penalties and damages pursuant to Labor Code § 203 for Plaintiff CRANE in an amount of $1,920, and subject to proof at trial.

7. For $750 for failure to allow Plaintiff to inspect or copy records

8. For restitution and disgorgement for all unfair business practices against Plaintiff CRANE in an amount subject to proof at trial.

9. For prejudgment and post judgment interest.

10. Cost of suit.

11. Attorneys' fees.

12. For such other and further relief as the court may deem proper.

DATED: April 18, 2008

LAW OFFICES OF MICHAEL TRACY

By: *[signature]*
MICHAEL TRACY, Attorney for Plaintiff FRED CRANE

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED: April 18, 2008                        LAW OFFICES OF MICHAEL TRACY

                                             By: /s/ Michael Tracy
                                             MICHAEL TRACY, Attorney for Plaintiff
                                             FRED CRANE

```
           UNITED STATES
           DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

         #  150036      - MS

            April 22, 2008
               15:35:55

            Civ Fil Non-Pris
    USAO #.: 08-CV-0728-BTM  CIVIL FILING
    Judge..: BARRY T MOSKOWITZ
    Amount.:
    Check#.: BC1543            $350.00 CK



         Total->   $350.00


    FROM: CRANE VS. FLAUM
          CIVIL FILING
```

$\text{JS 44}$ (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
FRED CRANE, an individual

## DEFENDANTS
DAVID FLAUM, an individual

(b) County of Residence of First Listed Plaintiff: **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael Tracy, 2030 Main Street, Suite 1300, Irvine, CA 92614
(949) 260-9171

Attorneys (If Known)

FILED
08 APR 22 PM 3:25
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**'08 CV 728 BTM CAB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC Section 201

Brief description of cause:
Plaintiff is suing for unpaid wages and overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 110,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 04/18/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 150036  AMOUNT $350  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

MS 4/22